UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANJAKNIE ROUNDTREE-McCROREY *et al.*,<br>          *Plaintiffs*,<br><br>          v.<br><br>STATE TREASURER'S OFFICE OF CONNECTICUT *et al.*,<br>          *Defendants*. | No. 3:22-cv-455 (JAM) |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

Anjaknie Roundtree-McCrorey has filed *in forma pauperis* a *pro se* complaint against the State Treasurer's Office of Connecticut and twenty additional parties. But because it appears that the complaint fails to allege facts giving rise to a plausible ground for jurisdiction or relief, the Court shall require Roundtree-McCrorey to file an amended complaint or a response by **July 20, 2022** explaining why the complaint should not be dismissed.

BACKGROUND

Roundtree-McCrorey is a citizen of Connecticut.[1] She alleges that the "identity and reputation" of her deceased grandparents, Andrew and Mattie McCrorey, have been "violated and tampered with for many years."[2] In particular, she alleges that "cars, homes" and other "miscellaneous purchase[s] were made from their accounts."[3] "Both social security number[s] are being actively used" and "property attached to their estate[] has been shelled out."[4] The complaint further states that "there's been evidence" that a state transportation company has been "officially operating" under the name of "Bishop Andrew McCrorey," which has "tarnish[ed]

---

[1] Doc. #1 at 2.
[2] *Ibid*.
[3] *Ibid*.
[4] *Ibid*. (spelling corrected).

1

and destroy[ed]" his "devoted Christian reputation."[5] Roundtree-McCrorey asks to be appointed as "head of the estate."[6] She brings claims for embezzlement and obstruction of justice as well as defamation of character and identity theft, and she seeks $7,000,000,000 in damages.[7]

## DISCUSSION

The Court has authority to review and dismiss a complaint if it "is frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To be sure, if a plaintiff is *pro se*, the Court must give her complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Roundtree-McCrorey may promptly respond or file an amended complaint that addresses these concerns.

The problem for Roundtree-McCrorey is that her complaint does not identify proper grounds for federal subject matter jurisdiction. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Yet Roundtree-McCrorey's complaint does not have that. The "Jurisdiction" section of the form complaint that she filed states that the "jurisdiction of this court is invoked pursuant to … Connecticut."[8] But

---

[5] *Ibid.*
[6] *Ibid.*
[7] *Id.* at 3-4.
[8] *Id.* at 2.

"jurisdiction," in this context, means the source of the Court's power to hear her case—not simply where the plaintiff lives or where the events took place.

Nor can I infer the source of federal jurisdiction from the rest of the complaint. First, Roundtree-McCrorey brings claims for defamation and identity theft but does not specify any *federal* rights of hers which the defendants violated. *See* 28 U.S.C. § 1331. Second, although the complaint alleges embezzlement in conclusory terms, it does not plausibly show that any of the named defendants committed these alleged wrongs. Instead, the complaint lumps together twenty-one parties as defendants without specifying the basis for holding any individual defendant liable. A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, it must back up the claim with "sufficient factual matter" to make it plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Roundtree-McCrorey generally asserts that "accounts are being withdrawn from," but she does not specify who has withdrawn funds from her grandparents' accounts or why her claim to those funds should take priority.

In addition, there is no diversity jurisdiction because this case does not involve "citizens of different States." 28 U.S.C. § 1332. Roundtree-McCrorey alleges that both she and the Connecticut State Treasurer's Office are citizens of Connecticut. Without jurisdiction over the case, I must dismiss it. *See* Fed. R. Civ. P. 12(h)(3).

Finally, Roundtree-McCrorey names as additional plaintiffs her grandparents, Bishop Andrew McCrorey, Jr. and Lady Mattie P. McCrorey.[9] But a plaintiff who is not a licensed attorney may not appear on behalf of another person in federal court proceedings. *See Roundtree*

---

[9] *Id.* at 1.

*v. Connecticut*, 2022 WL 1063751, at * (D. Conn. 2022). Roundtree-McCrorey may not pursue relief on behalf of her grandparents—she can sue only for injuries to her own interests.

## CONCLUSION

It appears that the complaint is subject to dismissal under § 1915(e)(2)(B). But if Roundtree-McCrorey has grounds to file an amended complaint or to show why the complaint should not be dismissed, she may file a response to this order to show cause by **July 20, 2022**.

It is so ordered.

Dated at New Haven this 29th day of June 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge